# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

ARIANNY CELESTE LOPEZ, et al.

                    Plaintiffs,

       - against –

DENNING ENTERPRISES, INC., et al.,

                  Defendants.

Case No. 19-cv-859-MPS

## FINAL CONSENT JUDGMENT AGAINST DENNING ENTERPRISES, INC.

**COME NOW**, plaintiffs ARIANNY CELESTE LOPEZ, KATARINA VAN DERHAN, and PAOLA CANAS (collectively, "Plaintiffs") and defendant DENNING ENTERPRISES, INC., d/b/a ELECTRIC BLUE CAFÉ ("Denning Enterprises" or "Defendant") by and through their respective undersigned counsel, and hereby respectfully petition the Court for entry of this Final Consent Judgment as to Denning Enterprises and would show unto the Court as follows:

1.      This is an action brought pursuant to, *inter alia*, 15 U.S.C. § 1125(a) relating to advertisements published by Defendant depicting images of Plaintiffs.  These advertisements were published using multiple social media venues, including but not limited to Defendant's Facebook and Instagram accounts.

2.      Plaintiffs alleged in the Complaint that Defendants used their images without consent or remuneration, and that the advertisements depicted Plaintiffs in a manner that implied they were promoting the Defendant's gentlemen's club, worked thereat, or were otherwise associated, affiliated, or connected with same.

3.      At the time of Defendant's alleged violations of 15 U.S.C. § 1125 pertaining

1

to each Plaintiff set forth above, Denning Enterprises was insured by insurance Policy Numbers AE04-00000022-00, AE04-00000022-01, and AE04-00000022-02, each issued by Clear Blue Insurance Company ("Clear Blue") with the named insured as Denning Enterprises, Inc.

4.      Defendant has tendered a request for defense and indemnification to Clear Blue pursuant to the above-referenced policy.

5.      Clear Blue has denied coverage, refused to defend, to advance defense costs, to indemnify, or to consider settlement of the claims brought against Defendant in this action.

6.      Plaintiffs and Denning Enterprises have therefore entered into a settlement agreement pursuant to which their answer notwithstanding, Denning Enterprises consents to entry of the following judgment for the purpose of compromising disputed claims: a judgment in the amount of Two Hundred and Seventy Thousand Dollars ($270,000) (hereinafter, the "Stipulated Judgment").

7.      The amount of the Stipulated Judgment is reasonable in light of what a jury might reasonably award in compensation attributable to Denning Enterprises's alleged conduct coupled with the amount of attorneys' fees and costs a Court may reasonably award pursuant to 15 U.S.C. § 1125 in the event Plaintiff prevails at trial.

8.      Further, as part of the parties' settlement, Denning Enterprises has agreed that once the Stipulated Judgment is entered herein, Defendant will assign to Plaintiffs all of its rights, claims, and causes of action against Clear Blue and its agents, brokers, employees, officers and all other persons or entities arising out of (i) any applicable insurance policy or policies; (ii) the claims made by Plaintiffs against Defendants herein;

2

and, (iii) any other assignment entered into by and between Plaintiffs and Defendants (the "Assigned Claims").

9.     In consideration for these assignments, and effective after such assignments have been delivered to Plaintiffs, Plaintiffs agree to not take any action of any kind to assign, document, record, register as a lien, or collect against Defendant, the Stipulated Judgment; save and except for Defendant's assets consisting of any and all right, title and interest in the Clear Blue Policies together with all of their respective rights, claims, and causes of action in the Assigned Claims (the "Denning Covenant").

10.     The Parties' settlement is reasonable.

11.     The Stipulated Judgment will be the complete and final judgment addressing all claims Plaintiff have asserted in this lawsuit against Denning Enterprises.

12.     This Judgment and the agreements and documents referred to herein contain the entire agreement and understanding among the Parties with respect to the subject matter hereof and supersede all prior agreements and understandings, whether written or oral. The Parties are not relying, nor shall in any way rely, upon any oral or written agreements, representations, warranties, statements, promises, or understandings not specifically set forth in this Agreement, and waive any right to assert or claim that they were induced to enter into this Agreement by any representation, promise, statement or warranty which is not expressly set forth in this agreement.

13.     Nothing in this Agreement shall be construed as giving any person, firm, corporation or other entity, including Clear Blue, other than the signatory parties hereto, and their respective successors and permitted assigns, any right, defense, remedy or claim under or in respect to this Agreement or any provision hereof.

3

14.     For all purposes of this Agreement, time is of the essence.

15.     The Parties acknowledge and agree that all parties and their counsel participated in negotiating and drafting this Agreement, no rule of construction shall apply to this Agreement which construes any language, whether ambiguous, unclear otherwise, in favor of, or against, any party by reason of the party's role in drafting this Agreement.

16.     The motion for entry of judgment is well taken and should be GRANTED as against Denning Enterprises.

**IT IS THEREFORE ORDERED THAT**:

A.     Judgment is entered in this action in favor of Plaintiff and against Defendant, Denning Enterprises, Inc., for all claims set forth in the Complaint, in the amount of $270,000 plus post-judgment interest beginning on the date this judgment is entered until final payment.

B.     Plaintiff shall not assign or, upon the Denning Covenant becoming effective, execute, or otherwise attempt in any manner to collect on the Stipulated Judgment except as to Defendant's assets consisting of any and all right, title and interest in the Clear Blue Policy together with all of their respective rights, claims, and causes of action in the Assigned Claims.

C.     Upon the assignment of the Assigned Claims to Plaintiffs by Defendant, the Denning Covenant shall become effective.

D.   The Court will continue to retain jurisdiction over this matter for the purpose of adjudicating disputes under this consent judgment.

E.   The Clerk is instructed to close this case.

IT IS SO ORDERED

Dated: Hartford, Connecticut
      May 5, 2021

_____/s/_____
Michael P. Shea, U.S.D.J.

5